**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAROLD E. DUFFUS, : <br> : <br> Petitioner, : <br> : Case No. 3:20-cv-14747 (BRM) <br> v. : <br> : <br> ATTORNEY GENERAL OF STATE : <br> OF NEW JERSEY, : **MEMORANDUM AND ORDER** <br> : <br> Respondent. : <br> : | |

*Pro se* Petitioner, Harold E. Duffus, is a state prisoner confined at the South Woods State Prison in Bridgeton, New Jersey. Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254. (*See* ECF 1.) On October 26, 2020, this Court administratively terminated this action as Petitioner failed to include the $5.00 filing fee, or, alternatively, Petitioner did not include a complete application to proceed *in forma pauperis* as his application failed to include the required affidavit of indigency. Furthermore, Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner also did not file his initial § 2254 habeas petition on the proper form.

On November 23, 2020, this Court received another *in forma pauperis* application as well as another habeas petition from Petitioner. (*See* ECF 3 & 4.) The Clerk shall reopen this action so that these filings can be analyzed.

Petitioner's *in forma pauperis* application is denied. Local Rule 81.2(c) states a petitioner shall be denied *in forma pauperis* status if his prison account exceeds $200.00. Petitioner's *in forma pauperis* application indicates Petitioner's balance is over $500.00.

1

Additionally, Petitioner's newly submitted habeas petition is still on the incorrect form. Indeed, his newly filed habeas petition is on a form for a § 2241 habeas petition rather than a § 2254 habeas petition.

Given these two deficiencies, the Clerk shall re-administratively terminate this case. Petitioner shall have thirty (30) days in which to submit the $5.00 filing fee as well as a new § 2254 habeas petition on the proper form supplied by the Clerk.

Accordingly,

**IT IS** this 3rd day of December 2020,

**ORDERED** the Clerk shall reopen this case; and it is further

**ORDERED** Petitioner's application to proceed *in forma pauperis* (ECF 3) is denied; and it is further

**ORDERED** the Clerk shall re-administratively terminate this case; Petitioner is informed an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); and it is further

**ORDERED** if Petitioner wishes to reopen this case, he shall so notify this Court in writing within thirty (30) days of the date of entry of this memorandum and order; Petitioner's writing shall include the $5.00 filing fee as well as a signed copy of his § 2254 habeas petition on the proper form; and it is further

**ORDERED** upon receipt of a writing from Petitioner stating that he wishes to reopen this case, the $5.00 filing fee and a signed copy of his § 2254 habeas petition on the proper form, the Clerk will be directed to reopen this case; and it is finally

**ORDERED** the Clerk shall serve upon Petitioner by regular U.S. mail: (1) a copy of this memorandum and order; (2) a blank § 2254 habeas petition form—AO 241(modified):DNJ-Habeas-008 (Rev.01-2014).

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**